# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFT L. THOMPSON,<br><br>            Plaintiff,<br><br>    v.<br><br>YATES, et. al.,<br><br>            Defendants. | CV F   06 0763 OWW SMS P<br><br>FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR INJUNCTIVE RELIEF AS PREMATURE<br><br>(Doc. 9.) |

  Raft L. Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on June 16, 2006.

  On February 23, 2007, Plaintiff filed an Ex Parte Motion for Injunctive Relief to prevent discrimination and transfer to another institution.

  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted).  The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

1  demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if
2  the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff
3  "must demonstrate a fair chance of success of the merits, or questions serious enough to require
4  litigation." Id.

5       A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a
6  threshold and preliminary matter the court must have before it for consideration a "case" or
7  "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or
8  "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F.
9  2d 1159, 1162-63 (9th Cir. 1972).

10       At this juncture, Plaintiff has not stated any cognizable claims for relief in this action.
11  The Court is required to screen the complaints to ensure that it states a cognizable claim for
12  relief.  Thus, at this time, Plaintiff is not entitled to any type of preliminary injunction, as the
13  Court lacks jurisdiction to issue any such orders.

14       Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's Motion for
15  Injunctive Relief, filed February 23, 2007,  be DENIED, without prejudice.

16       These Findings and Recommendations will be submitted to the United States District
17  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
18  **TWENTY (20) days** after being served with these Findings and Recommendations, Plaintiff
19  may file written objections with the court.  The document should be captioned "Objections to
20  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
21  objections within the specified time may waive the right to appeal the District Court's order.
22  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24  IT IS SO ORDERED.

25  **Dated:    March 28, 2007**              /s/ Sandra M. Snyder
    icido3                          UNITED STATES MAGISTRATE JUDGE