# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFT L. THOMPSON,<br><br>                Plaintiff,<br><br>      v.<br><br>YATES, et. al.,<br><br>                Defendants.                    / | CV F   06 0763 OWW SMS P<br><br>ORDER DENYING MOTION TO AMEND<br>(Doc. 11) |

Raft L. Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on June 16, 2006.

On March 19, 2007, Plaintiff filed a pleading titled "Motion to Submit additional Statement of claim, Amend, Enlarge, and Expedite Petition."  Plaintiff seeks to include events that arose in March of this year to his case.

As a preliminary matter, because the Court maintains all files electronically, it does not have the capability of adding or attaching pages to other pages or pleadings previously filed. With regard to amending a Complaint, a plaintiff may amend his complaint once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a).  Fed.R.Civ.P. 15(a); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments.  Rule Civ. P. 15(a).  While the Court should freely give leave to amend if justice requires, the Court may deny leave to amend if the amendment would be futile or subject to dismissal.  Bonn, 59 F.3d at 845; Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

In this case, the Plaintiff has not yet filed an Amended Complaint and the Defendants have not yet filed an Answer.  Thus, permission at this time is unnecessary.  The Court notes, however, that Plaintiff is seeking to amend new claims that arose after he initiated this action on June 16, 2006.  Plaintiff is advised that such claims are subject to dismissal because they are unexhausted.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and requires prisoners to complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated,[1] Booth v. Churner, 532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (*citing* to Booth, 532 U.S. at 739 n.5).  "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," id. at 2382.  Finally, exhaustion *must occur prior to filing suit.* McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

In this case, because the new claims occurred after Plaintiff filed this action, they are necessarily unexhausted and are or will be subject to dismissal.  Thus, in amending his complaint Plaintiff should refrain from adding new claims.  In addition, Plaintiff is advised that Local Rule

---

[1] The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1.  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).

1  15-220 requires that an Amended Complaint be complete in itself without reference to any prior
2  pleading.  As a general rule, an Amended Complaint supersedes the original Complaint.  <u>See</u>
3  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the
4  original Complaint no longer serves any function in the case.  Therefore, in an Amended
5  Complaint, as in an original Complaint, each claim and the involvement of each Defendant must
6  be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled
7  "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed
8  under penalty of perjury.

9     Accordingly, the Court HEREBY ORDERS:

10    1.    The Motion to Amend the Complaint is DISREGARDED.

11  IT IS SO ORDERED.

12  **Dated:   March 28, 2007**             /s/ Sandra M. Snyder
    icido3                    UNITED STATES MAGISTRATE JUDGE