# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raft L. Thompson, | No. CV 1-06-0763-RCC |
| Plaintiff, | **ORDER** |
| vs. | |
| James A. Yates, et al., | |
| Defendants. | |

Plaintiff Raft Thompson, who is confined in the Pleasant Valley State Prison (PVSP) in Coalinga, California, has filed a *pro se* civil rights First Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. #18). The Court will dismiss Plaintiff's "fundamental liberty interest" and First Amendment claims, but require an answer to his equal protection claim.

**I.     Background.**

Plaintiff filed his original Complaint on June 16, 2006. (Doc. # 1.) On July 10, 2008, United States Magistrate Judge Sandra M. Snyder issued an Order dismissing the Complaint for failure to state a claim and giving Plaintiff an opportunity to file a first amended complaint. (Doc. # 15.) On September 19, 2008, Plaintiff filed a First Amended Complaint. (Doc. #18.) The case was reassigned to the undersigned judge on November 25, 2008. (Doc. # 19).

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

### III. First Amended Complaint

Plaintiff names two PVSP officials as Defendants: James A. Yates, Warden; and Timothy Lockwood, Chief of Rules and Regulations. Plaintiff alleges that he has been wrongfully denied contact visits with his son. Under § 3173.1 of the California Code of Regulations, prisoners who have been convicted of certain listed sex offenses against minors may visit with any minor who is not the victim of the crime only on a non-contact basis. Plaintiff argues that application of that regulation to prevent him from contact visits with his child violates his fundamental liberty interest and his First Amendment right to freedom of association. Plaintiff also argues that Defendants have knowingly violated his equal protection rights by allowing similarly situated prisoners to have contact visits with their children while denying such visits to him. Plaintiff seeks damages, injunctive relief, and the appointment of a trustee to monitor contact visits between parents and children.

### IV. Failure to State a Claim

Plaintiff claims that Defendants have violated his fundamental liberty interest and his First Amendment right to freedom of association by permitting him only non-contact visitation with his child. Plaintiff has failed to state a cognizable claim for relief under either the due process clause or the First Amendment.

> During the period of confinement in prison, the right of intimate association, "a fundamental element of personal liberty," Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984), is necessarily abridged. Intimate association protects the kinds of relationships "that attend the creation and sustenance of a family-marriage, childbirth, the raising and education of children, and cohabitation with one's relatives...." Id. at 619 (citations omitted). The loss of the right to intimate association is simply part and parcel of being imprisoned for conviction of a crime.

Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (*en banc*). Prisoners have no constitutional right to contact visitation. Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994)

(*per curiam*). Even a blanket prohibition of contact visitation between inmates and their families is not unconstitutional. Block v. Rutherford, 468 U.S. 576 (1984). Accordingly, Plaintiff's claim that the denial of contact visits with his child violates his First Amendment and fundamental liberty interest under the Fourteenth Amendment will be dismissed for failure to state a claim.

**V.     Claim for Which an Answer Will be Required**

Liberally construed, Plaintiff's equal protection claim adequately states a claim. The Court will require Defendants to answer that claim.

**VI.    Warnings**

    **A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's First Amendment and "fundamental liberty interest" claims are **dismissed** for failure to state a claim.

(2)     Defendants Yates and Lockwood must answer Plaintiff's equal protection claim.

(3) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #18), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Yates and Lockwood.

(4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 28th day of April, 2009.

Raner C. Collins
United States District Judge