IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raft L. Thompson, ) | 1:06-cv-00763-RCC |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| James A Yates; Timothy Lockwood, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Raft Thompson, who is confined in the Pleasant Valley State Prison (PVSP) in Coalinga, California, has filed a *pro se* civil rights First Amended Complaint pursuant to 42 U.S.C. § 1983. (Doc. 18). In a pre-screening order, the Court dismissed Plaintiff's "fundamental liberty interest" and First Amendment claims and required an answer to Plaintiff's equal protection claim. (Doc. 20). Defendants' Motion to Dismiss[1] as to the latter claim is now before the Court. (Doc. 33).

### **Standard**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. North Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of

---

[1] The Court notes that Defendants' motion technically falls under Rule 12(c), since it asserts the defense failure to state a claim after Defendants answered. However, the standard under either rule is identical and does not affect the Court's analysis. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).

1  the complaint, or any claim within it, may be based on either a "'lack of a cognizable
2  legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"
3  Johnson v. Riverside Healthcare Sys. LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008)
4  (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).

5  "While legal conclusions can provide the framework of a complaint, they must be
6  supported by factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The
7  complaint must contain "enough facts to state a claim to relief that is plausible on its
8  face." Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the
9  facts pled allow the court to make the reasonable inference that the defendant is liable.
10 Iqbal, 129 S. Ct. at 1949.

11  In determining whether a complaint states a claim under this standard, the
12 allegations in the complaint must be construed in the light most favorable to the
13 nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).
14 Pro se pleadings, "however inartfully pleaded," must be held to a less stringent standard
15 than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21
16 (1972); Ortez v. Wash. Cnty., 88 F.3d 804, 807 (9th Cir. 1996). The rule of liberal
17 construction of pleadings is "particularly important in civil rights cases." Ferdik v.
18 Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

19  A motion to dismiss under Rule 12(b)(6) is almost never an appropriate response
20 when the court has already screened a prisoner complaint pursuant to 28 U.S.C. §
21 1915A(b) and directed the defendant to respond. The standard for dismissal under Rule
22 12(b)(6) ("failure to state a claim upon which relief can be granted") is identical to the
23 standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be
24 granted"). After the Court has screened a prisoner complaint pursuant to § 1915A(b), a
25 Rule 12(b)(6) motion to dismiss will be granted only if the defendant can convince the
26 Court that reconsideration is appropriate. Reconsideration is only appropriate if the
27 district court "(1) is presented with newly discovered evidence, (2) committed clear error
28 or the initial decision was manifestly unjust, or (3) if there is an intervening change in

1 controlling law." Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255,
2 1263 (9th Cir. 1993).

## Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Or. Dept. of Agric., 553 U.S. 591, 601–02 (2008); Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff here claims that Defendants violated his rights to equal protection, because they intentionally treated him differently from other inmates convicted of similar crimes, when they denied him visits with his minor son. (Doc. 18). Even accepting Defendants' argument that the prison regulation at issue, 15 CCR § 3173.1, is facially constitutional, Plaintiff has sufficiently pled an as-applied challenge. He identified the right denied (contact visitation with his son), the class of similarly situated people (inmates with similar convictions), and alleged that he was treated differently from members of that class.

## Vicarious Liability

There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. N.Y. City Dept. of Soc. Serv., 436 U.S. 658, 691-92 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens . . . suits, a plaintiff must plead that

each Government -official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948.

It is not clear from the First Amended Complaint whether Plaintiff is suing Defendants under a *respondeat superior* theory.  However, Plaintiff makes clear that he is suing Defendants for their personal actions in his briefs.  (Doc. 35 at 2-3); see Pegram v. Herdrich, 530 U.S. 211, 229 (2000). In addition, and contrary to Defendants' claim, Plaintiff does not admit in his pleading that neither Defendant was involved in the classification committee meeting that resulted in his visitation restrictions.  (Doc. 33 at 5). Therefore, Plaintiff has sufficiently alleged that liability for each Defendant is based on his individual actions.

## Incorporation

Plaintiff attempted at various points in his briefs to incorporate documents or parts of documents ostensibly filed in his habeas action (1:09-cv-00727).  (Docs. 35 at 2 & 4; 38 at 3-4; and 40 at 1).  The citations are uncertain, and this method of incorporation is inappropriate.  Plaintiff is warned that the Court will disregard any argument or facts laid out in documents filed in a separate action.

## Conclusion

As noted in the Court's Pre-Screening Order, Plaintiff sufficiently alleged his equal protection claim.  The arguments raised by Defendants in their Motion to Dismiss do not compel a different conclusion.  Therefore,

**IT IS ORDERED** denying the Defendants' Motion to Dismiss.  (Doc. 33).

DATED this 5th day of May, 2011.

_____
Raner C. Collins
United States District Judge