IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raft L. Thompson, | 1:06-cv-00763-RCC |
| Plaintiff, | **ORDER** |
| vs. | |
| James A Yates; Timothy Lockwood, | |
| Defendants. | |

Plaintiff Raft Thompson, who is confined in the Pleasant Valley State Prison (PVSP) in Coalinga, California, has filed a *pro se* civil rights First Amended Complaint pursuant to 42 U.S.C. § 1983. (Doc. 18). Plaintiff's remaining claim is that Defendants violated his rights to equal protection because they intentionally treated him differently from other inmates convicted of similar crimes when they denied him visits with his minor son. (Doc. 18). Pending before the Court now are Plaintiff's Motion to Appoint Counsel (Doc. 43), Motion to Bring Action for Declaratory and Injunctive Relief (Doc. 44), Motion to Compel Production of Documents (Doc. 45), and Objection to Answers and Motion to Compel (Doc. 47), as well as Defendants' Request for Notice to Plaintiff of Requirements for Opposing Motion for Summary Judgment (Doc. 50).

### I. Plaintiff's Motion to Appoint Counsel

Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of plaintiff to articulate his claims in view of their complexity. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). After reviewing the file, the Court determines that this case does not present exceptional circumstances requiring the appointment of counsel. Therefore, Plaintiff's motion will be denied.

### II. Plaintiff's Motion to Bring Action for Declaratory and Injunctive Relief

Plaintiff seeks a preliminary injunction and asks the Court "to grant injunctive and declaratory relief, compelling the Secretary of Corrections to bar [Regulation 3173.1(b)] until the Court renders a final decision." (Doc. 44 at 3). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Counsel, Inc., 129 S.Ct. 365, 374 (2008). The moving party has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F.Supp.2d 1016, 1027 (E.D.Cal. 2000). Plaintiff here has not met his burden. Therefore, Plaintiff's motion will be denied.

### III. Plaintiff's Motions to Compel

#### A. Production of Documents

The production of documents may be requested under FED.R.CIV.P. 34. A party must produce all discoverable documents responsive to a request that are within the party's possession, custody, or control. Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 166 (1980). Documents are deemed to be within the possession, custody, or control of a party if the party has the legal right to obtain documents on demand. United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1540, 1452 (9th Cir. 1989).

Plaintiff seeks to compel production of Inmate Vaughn Jacobs' "visiting records of visits with his minor children" and his own visiting record. (Doc. 45). Defendants respond that they do not have control of the requested documents because (1) they are not the custodian of records for the state prison, and (2) they would have to seek Inmate Jacobs' permission as well as the custodian of records permission to obtain the documents. (Doc. 49). In addition, Defendants argue they "engaged in a reasonable and diligent search for any responsive information, and were unable to locate any." (Id.).

Defendants are in control of Plaintiff's visitation records because (1) the existence of a custodian of records does not deprive them of control and (2) by making this request for production, Plaintiff has authorized release of his records. Defendants are also in control of Inmate Jacobs' visitation records because the existence of a custodian of records does not deprive them of control and (2) the Court can require disclosure of those records without the his authorization. See CAL. COD. REGS. tit. 15, § 3370 (2011) (an inmate may not have access to another inmate's records "[e]xcept by means of a valid authorization, subpoena, or court order..."). The Court notes that while Defendants avow they have made a reasonable and diligent search for documents responsive to Plaintiff's requests for visitation records, it appears this search did not include submitting requests to the custodian of records. Therefore, the Court will require Defendants to search again, produce any documents pertaining to Plaintiff's records to him, and produce any documents pertaining to the other inmate to the Court for *in camera* review.

Plaintiff also seeks to compel production of any documents related to the "[n]umber of innocent juveniles killed by gang members." (Doc. 45). Defendants argue they do not have any responsive documents in their possession. (Doc. 49). The Court has no reason to believe otherwise.

Accordingly, the Court will grant Plaintiff's motion to compel as to his requests for production for inmate visitation records and deny the motion as to his request for the number of juveniles killed by gang members.

**B. Requests of Admission**

1    A party may serve a written request to admit facts, the application of law to fact, or
2 opinions about either, and the genuineness of any described document. FED.R.CIV.P.
3 36(a)(1). The responding party may either admit, specifically deny, or state in detail why the
4 responding party cannot admit or deny. FED.R.CIV.P. 36(a)(4). If the responding party
5 asserts lack of knowledge or information as the reason it cannot admit or deny, it must avow
6 that a reasonable inquiry has been made and that the information it knows or can readily
7 obtain is insufficient to allow it to admit or deny. Id. If the Court determines that an answer
8 is insufficient, it can either deem the matter admitted or order an amended answer.
9 FED.R.CIV.P. 36(a)(6).

10    Plaintiff here objects to Defendants' answers to his Requests for Admission 1-70. (Doc.
11 47). As to each request, Defendants either admitted, denied, or stated they possessed
12 insufficient information to admit or deny the matter. (Id.). As to those matters specifically
13 admitted or denied, the Court finds Defendants' answers are sufficient. As to those matters
14 specifically objected to, the Court finds Defendants' answers are also sufficient. The Court
15 declines to consider objections raised in boilerplate language. As to those matters neither
16 admitted nor denied because Defendants claim to have insufficient knowledge, the Court
17 finds the answers are insufficient because Defendants did not state that they had undertaken
18 a reasonable inquiry into each matter in their response. Rather than sanction Defendants by
19 deeming the matters admitted, the Court will require Defendants to respond further. The
20 Court reminds Defendants that in conducting a reasonable inquiry into these Requests for
21 Admission, Defendants are required to make inquiries of the custodian of records for PVSP.
22 See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 531
23 (S.D.W.Va. 2007); A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 253-55 (C.D.Cal.
24 2006).

25 **IV. Defendants' Request for Notice to Plaintiff of Requirements for Opposing Motion**
26    **for Summary Judgment**

27    Defendants request the Court give the notice required by Rand v. Rowland, 154 F.3d
28 952, 959-60 (9th Cir. 1998), which sets out what a party must do to oppose a motion for

- 4 -

summary judgment. (Doc. 50). The Court declines to give the notice at this time because <u>Rand</u> requires that the notice be given only after a motion for summary judgment is filed. 154 F.3d at 955.

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion to Appoint Counsel (Doc. 43) and Motion to Bring Action for Declaratory and Injunctive Relief (Doc. 44).

**IT IS FURTHER ORDERED** granting in part and denying in part Plaintiff's Motion to Compel Production of Documents (Doc. 45). The motion is granted to the extent that Defendants shall further respond to Plaintiff's Requests for Production 1 and 2 as outlined above. The motion is denied to the extent that the Court finds Defendants' response to Plaintiff's Request for Production 10 sufficient.

**IT IS FURTHER ORDERED** granting in part and denying in part Plaintiff's Objection to Answers and Motion to Compel (Doc. 47). The motion is granted to the extent that Defendants shall further respond to Plaintiff's Requests for Admission 1-12, 14-15, 18, 23, 26, 31, 34, 36, 38, 39, 41-42, 51, 53(H), 55, 57, 58, 60-61, and 67.[1] The motion is denied in all other respects.

**IT IS FURTHER ORDERED** denying Defendants' Request for Notice to Plaintiff of Requirements for Opposing Motion for Summary Judgment (Doc. 50). Defendants may file any motion for summary judgment within the time set out below. The Court will thereafter issue the requisite <u>Rand</u> notice.

**IT IS FURTHER ORDERED** Defendants shall serve their supplemental responses to Plaintiff's Requests for Admission no later than **January 13, 2012**. The deadline for completion of all discovery shall be extended to **January 13, 2012**. The deadline for filing dispositive motions shall be extended to **February 13, 2012**.

DATED this 29th day of November, 2011.

---

[1] The Court uses the numbers assigned by Defendants in their responses.

- 5 -

1
2
3
4   _____
        Raner C. Collins
5       United States District Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28