IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Raft L. Thompson, | ) | 1:06-cv-00763-RCC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| James A Yates; Timothy Lockwood, | ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' Motion for Summary Judgment. (Doc. 57). Because Defendants raise new arguments in their reply that should have been raised in their opening brief, the Court will permit additional briefing. See Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996); Miller v. Glenn Miller Productions, Inc, 454 F.3d 975, 978 n. 1 (9th Cir. 2006).

Plaintiff alleges in his First Amended Complaint (Doc. 18) that he has been wrongfully denied contact visits with his son. Under title 15, section 3173.1 of the California Code of Regulations, prisoners who have been convicted of certain listed sex offenses against minors may visit with any minor who is not the victim of the crime only on a non-contact basis. Plaintiff argued that application of that regulation to prevent him from contact visits with his child violates his fundamental liberty interest and his First Amendment right to freedom of association. Plaintiff also argues that Defendants have knowingly violated his

1  equal protection rights by allowing similarly situated prisoners to have contact visits with
2  their children while denying such visits to him.

3        Pursuant to 28 U.S.C. § 1915(A), the Court screened Plaintiff's First Amended
4  Complaint. (Doc. 20). The Court found Plaintiff failed to state a claim under the due process
5  clause or First Amendment because § 3173.1 is facially valid. The Court called for an
6  answer to Plaintiff's sole remaining claim - that his equal protection rights were violated
7  when similarly situated prisoners were treated in a more favorable manner.

8        The Court again made clear the procedural posture of this case in its order on
9  Defendants' Motion to Dismiss. (Doc. 41) ("Plaintiff here claims that Defendants...
10 intentionally treated him differently from other inmates convicted of similar crimes, when
11 they denied him visits with his minor son...Plaintiff has sufficiently pled an as-applied
12 challenge.").

13       Despite the Court's previous orders narrowing the scope of Plaintiff's claims to a
14 single as-applied challenge, Defendants' moved for summary judgment under the seeming
15 impression that the remaining claim was a facial challenge to § 3173.1. (Doc. 57). Plaintiff
16 responded to Defendants' arguments and also raised his earlier arguments that another
17 inmate and gang inmates as a whole were given preferential treatment under the regulation.
18 (Doc. 66 at 17-27). In their reply brief, Defendants addressed, for the first time, Plaintiff's
19 as-applied challenge. (Doc. 67 at 2-4).

20       Defendants should have addressed Plaintiff's as-applied challenge in their opening
21 brief because it is the only remaining claim in this action. Raising these arguments in their
22 reply brief was procedurally improper, and the Court must allow Plaintiff an opportunity to
23 respond. Accordingly,

24       **IT IS ORDERED** Plaintiff shall submit a sur-reply to Defendants' Motion for
25 Summary Judgment on or before **May 24, 2012**. Plaintiff's sur-reply shall be limited to 7
26 pages and shall address only the issue of whether Defendants have knowingly violated his
27 equal protection rights by allowing similarly situated prisoners to have contact visits with
28 their children while denying such visits to him. Plaintiff may also attach a supporting

- 2 -

1 supplemental statement of facts.  Plaintiff is not to attach any documents previously filed
2 with the Court.
3      If Plaintiff fails to timely comply with this Order, the Court will consider his non-
4 compliance as a waiver of all objections to Defendants' reply arguments.
5      DATED this 10th day of May, 2012.

Raner C. Collins
United States District Judge