IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thompson,<br><br>    Plaintiff,<br><br>vs.<br><br>Yates, et al.,<br><br>    Defendants. | No. CV 06-0763-RCC<br><br>**ORDER** |

Plaintiff Raft Thompson has filed a *pro se* civil rights First Amended Complaint pursuant to 42 U.S.C. § 1983. (Doc. 18). In a pre-screening order, the Court dismissed Plaintiff's "fundamental liberty interest" and First Amendment claims and required an answer to Plaintiff's equal protection claim. (Doc. 20). Defendants have now moved for summary judgment as to that claim. (Doc. 57). The issues are now fully briefed, and the Court will grant summary judgment for Defendants because (1) the challenged regulation is facially valid and (2) Defendants have a rational basis to treat another inmate differently.

**I.   FACTUAL & PROCEDURAL SUMMARY**

    **A.   PROCEDURAL SUMMARY**

Plaintiff alleged in his First Amended Complaint (Doc. 18) that he has been wrongfully denied contact visits with his son. Under § 3173.1 of the California Code of Regulations, prisoners who have been convicted of certain listed sex offenses against minors may visit with any minor who is not the victim of the crime only on a non-contact basis. Plaintiff

argued that application of that regulation to prevent him from contact visits with his child violates his fundamental liberty interest and his First Amendment right to freedom of association. Plaintiff also argued that Defendants have knowingly violated his equal protection rights by allowing similarly situated prisoners contact visits with their children while denying such visits to him.

Pursuant to 28 U.S.C. § 1915(A), the Court screened Plaintiff's First Amended Complaint. (Doc. 20). The Court found Plaintiff failed to state a claim under the due process clause or First Amendment because prisoners have no constitutional right to contact visitation. (Id. at 2). The Court called for an answer to Plaintiff's equal protection claim. (Id. at 3). Defendants now move for summary judgment as to this claim, arguing the regulation is facially valid and was applied to Plaintiff in a non-discriminatory manner. (Doc. 57).

### B. UNDISPUTED FACTS

When Plaintiff filed this action, he was an inmate at Pleasant Valley State Prison (PVSP) in Coalinga, California. (Doc. 57-2 at ¶ 1). He was moved to CRC-Norco in May 2009. (Doc. 66 at 28). He was convicted of continuous sexual abuse of a child, and lewd and lascivious acts upon a child under fourteen years of age, all in violation of California Penal Code §§ 288.5(a), 288(a), and 288(c)(1). (Doc. 57-2 at ¶ 14). The victim was Plaintiff's twelve year old step-daughter, whom he considered to be his own daughter. (Id. at ¶¶ 15-16).

Plaintiff has been denied contact visits with his minor son on three occasions. On December 3, 2003 the Unit Classification Committee (UCC) denied his request pursuant to 15 C.C.R. § 3173.1 because Plaintiff committed a sexual crime against a minor with whom he had a familial relationship. (Id. at ¶ 18). On April 19, 2006 and June 10, 2009 the UCC again denied his requests for the same reason, but pursuant to 15 C.C.R. § 3173.1(b). (Id. at ¶¶ 19-20).

Defendant Yates was employed as PVSP's Warden. (Id. at ¶ 2). Defendant Lockwood was employed as Chief of the Regulation and Policy Management Branch. (Id. ¶ 3). Neither

1  Defendant participated in any UCC meetings concerning Plaintiff's contact with his minor
2  son. (Id. at 21).

3  **II. SUMMARY JUDGEMENT STANDARD**

4  Summary judgment is appropriate when the undisputed material facts, taken in a light
5  more favorable to the non-moving party, demonstrate the moving party is entitled to
6  judgment in its favor as a matter of law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-
7  48 (1986). Summary judgment must be granted if party responding to the motion fails "to
8  make a sufficient showing on an essential element of her case with respect to which she has
9  the burden of proof." Celtox Corp. v. Catrett, 477 U.S. 317, 325 (1986). When the moving
10 party does not bear the burden of proof, summary judgment is warranted by demonstration
11 of an absence of facts to support non moving party's case. Id. at 325.

12 **III. ANALYSIS**

13 **A. FACIAL CHALLENGE**

14 The Fourteenth Amendment's Equal Protection Clause applies to the federal government
15 through the Fifth Amendment's Due Process Clause. See Boiling v. Sharpe, 347 U.S. 497,
16 498–99 (1954); McClean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999). Equal protection
17 claims are considered under a two-step analysis. First, petitioner must show that the
18 regulation in question results in members of a certain group being intentionally treated
19 differently from other persons based on membership in that group. See United States v.
20 Lopez–Flores, 63 F.3d 1468, 1472 (9th Cir.1995); Village of Arlington Heights v.
21 Metropolitan Housing Dev. Corp., 429 U.S. 252, 265 (1977). "Second, if it is demonstrated
22 that a cognizable class is treated differently, the court must analyze under the appropriate
23 level of scrutiny whether the distinction made between the groups is justified." Lopez–Flores,
24 63 F.3d at 1472.

25 The result of the first step of analysis is clear. While Defendants contend they did not
26 intend to discriminate against anyone in enacting 15 C.C.R. § 3173.1, (Doc. 67 at 4:26-5:1),
27 it is absolutely clear from the face of the regulation that they intended to treat prisoners
28 convicted or suspected of certain sex offenses different from all other prisoners vis-a-vis

contact visits with minors. The regulation plainly applies only to prisoners convicted of certain sex offenses and limits only those prisoners to non-contact visits with minors. It could not be clearer that the authors intended to single out prisoners with these convictions for different treatment.

Having determined that the regulation does treat prisoners convicted of certain sex offenses differently based solely on their convictions and that this is the result of intentional discrimination, the Court must now determine whether this distinction is justified. Sex offenders are not a suspect class, United States v. LeMay, 260 F.3d 1018, 1030 (9th Cir. 2001), and prisoners do not have a fundamental right to contact visits, see Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam). Because Plaintiff does not challenge rules that burden a fundamental right or target a suspect class, the BOP policy is valid as long as it survives the rational basis test, which accords a strong presumption of validity. See McLean, 173 F.3d at 1186. A government policy is valid under the rational basis test if it is rationally related to a legitimate government interest. See Nordlinger v. Hahn, 505 U.S. 1, 10 (1992); Rodriguez v. Cook, 163 F.3d 584, 589 (9th Cir. 1998).

The legitimate government interest advanced here "is to ensure prison security by preventing minors from having contact with criminals who pose a threat to the minors' health and safety." (Doc. 57-1 at 6:8-10). This regulation is rationally related to its purpose because it prevents contact visits between minors and those prisoners who are a known danger to minors. This ensures prison security because "if an inmate engaged in any inappropriate conduct with a minor during a visit, he could be attacked by other inmates." (Doc. 57-2, ¶ 11).

Plaintiff claims this cannot be the actual purpose behind the regulation because "Defendants allow, favor, and promote judicially noticed gang affiliates contact visits even though Defendants are aware of factual purposeful and intentional harm and rape against minors, teens, adults and family." (Doc. 66 at 3:13-18). Essentially, Plaintiff contends the regulation cannot be related to protecting minors because it is not the best or most comprehensive way to protect minors. The Court need not inquire whether the regulation

- 4 -

is the best way to protect minors because "rational-basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." Heller v. Doe, 509 U.S. 312, 319 (1993) (citation omitted).

15 C.C.R. § 3173.1 is rationally related to its stated purpose. Therefore, it survives rational basis review and does not violate the rights of prisoners convicted of certain sex offenses.

## B. AS-APPLIED CHALLENGE

Plaintiff also argues that he constitutes a class of one because 15 C.C.R. § 3173.1 is unevenly applied to him and not to others similarly situated. (Doc. 18 at § IV, ¶ 1). The United States Supreme Court has recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). Plaintiff here claims he is being intentionally treated differently from another similarly situated inmate, namely Vaughn Jacobs. (Doc. 18 at § IV, ¶ 1).

Plaintiff's claim fails because there is a rational reason for prison authorities' different treatment of the two prisoners. Inmate Jacobs was convicted of crimes similar to Plaintiff's and would ordinarily be barred from contact visits with his minor son. However, he is allowed contact visits with his minor son pursuant to a court order. The court order alone is a rational reason to treat Plaintiff different from Inmate Jacobs because 15 C.C.R. § 3173.1(a) provides an exception to the regulation where contact visits are "authorized by an order of the juvenile court..." Defendants clearly had a rational basis to treat Inmate Jacobs differently from Plaintiff. Therefore, Plaintiff's class of one claim must fail.

## IV. CONCLUSION

1    Summary judgment against Plaintiff is appropriate.  15 C.C.R. § 3173.1 is rationally
2 related to its stated purpose, and there is a rational basis to treat Inmate Jacobs differently
3 from Plaintiff.  Accordingly,

4    **IT IS ORDERED** granting Defendants' Motion for Summary Judgment.  (Doc. 57).

5    **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Supplemental Complaint.
6 (Doc. 63).  See FED.R.CIV.P. 15(a)(2); Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009)
7 ("When a [n] amendment would be futile, there is no need to prolong the litigation by
8 permitting further amendment.").

9    **IT IS FURTHER ORDERED** this action is dismissed with prejudice.  The Clerk of
10 Court shall enter judgment accordingly.

11    DATED this 26th day of July, 2012.

_____
Raner C. Collins
United States District Judge